## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **WILLIAM K. DICKERSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-2178 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

## OPINION

On October 1, 2007, Petitioner William Dickerson filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1).  The Government filed a Motion to Dismiss (#5) on October 26, 2007, and Petitioner filed his Response (#8) on February 5, 2008.  For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is dismissed.[1]

## BACKGROUND

On September 1, 2004, Petitioner was charged by indictment with two counts of conspiracy to distribute cocaine and cocaine base ("crack") in violation of 21 U.S.C. §§ 846(a)(1) and (b)(1)(A).  On November 16, 2004, Petitioner pleaded guilty to both counts of the indictment

---

[1] Petitioner filed a Motion to Stay (#9) on February 15, 2008, indicating he wished to stay the proceedings as he attempts to get his own affidavit notarized and obtain the affidavit of his sister regarding some information Petitioner requested she get from the internet.  Because this additional evidence would have no effect on the court's decision, the motion to stay is DENIED.

pursuant to a written plea agreement. Petitioner was represented by retained counsel. As part of the plea agreement, Petitioner waived his right to collaterally attack his sentence. With regard to this issue, the plea agreement states as follows:

> The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including

>any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

The plea agreement goes on to state:

>The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement.
>(Emphasis in original.)

At the guilty plea hearing held on November 16, 2004, this court determined that Petitioner's guilty plea, including the waiver of his right to appeal and his right to file a collateral attack, was knowingly and voluntarily made after engaging in an extended colloquy with Petitioner regarding this issue. Based upon Petitioner's representations, this court accepted Petitioner's guilty plea.

On April 26, 2005, a sentencing hearing was held before this court. Petitioner was sentenced to a mandatory minimum sentence of 240 months' imprisonment. This court sentenced Petitioner to the mandatory minimum despite the fact that Petitioner faced an advisory sentencing guideline range of 262 to 327 months' imprisonment. Petitioner did not file a notice of appeal until April 13, 2006, nearly one year after he was sentenced. The Seventh Circuit Court of Appeals dismissed the appeal for failure to file a docketing statement. Petitioner filed a second notice of appeal on September 1, 2006, which the Seventh Circuit dismissed for lack of jurisdiction. Petitioner then filed a third notice of appeal on May 31, 2007, which the Seventh Circuit also dismissed for lack of jurisdiction. As noted, on October 1, 2007, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) alleging 136 separate bases for his motion. On October 26, 2007, the Government filed a Motion to Dismiss (#5) arguing Petitioner's motion is barred by the waiver of Petitioner's right to file a motion pursuant to § 2255 and is also untimely. Petitioner has filed a lengthy response to the Government's motion to dismiss.

## ANALYSIS

This court agrees with the Government that Petitioner clearly waived his right to collaterally attack his guilty plea and sentence. Such waivers are enforceable with the limited exception that a waiver does not apply to a claim of involuntariness or ineffective assistance of counsel that relates directly to this waiver or its negotiation. See Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Petitioner argues in his voluminous pleadings with this court that his counsel was ineffective and that his waiver of the right

to collateral attack his conviction and sentence was unknowing and involuntary for a myriad of reasons.

The Seventh Circuit has held that in evaluating the voluntariness of a waiver, great weight should be given to the Rule 11 hearing.  See Mosley v. United States, 2006 WL 1749957 at *3 (N. D. Ill. 2007); see also Taylor v. United States, 2007 WL 128003 at *5 (N. D. Ill. 2007).   Like the petitioner in Mosley, Petitioner's plea agreement and the transcript of his Rule 11 colloquy reveal that the waiver of his right to collateral attack was both knowing and voluntary and did not arise as a result of the ineffective assistance of counsel.  The plea agreement specifically states, "The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction."  In addition, the agreement indicates, "The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else."

Petitioner's answers during the Rule 11 colloquy support the conclusion that the waiver of Petitioner's right to collateral attack was knowing and voluntary.  This court had an extended colloquy with Petitioner regarding this issue, including the following exchange:

> Court: [I]t says on paragraph 37, "I have read this entire plea agreement carefully and I have discussed it fully with my attorney, Baku Patel."  Is that correct?
>
> Petitioner: Yes, sir.

> Court: "I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled 'Waiver of Right to Appeal' and 'Waiver of Right to Collateral Attack'." Is that correct?
>
> Petitioner: Yes, sir.

This court has reviewed the transcript of Petitioner's change of plea hearing. After its review, this court finds without question that Petitioner clearly indicated he understood the rights he was waiving and the nature of proceedings against him, including the potential sentence he would face. Statements made by a defendant at a Rule 11 hearing are presumed truthful, and this court can rely on them in determining whether there was a knowing and voluntary waiver of rights. See Mosley, 2006 WL 1749957 at *3. Therefore, this court concludes that Petitioner knowingly and voluntarily waived his right to file a collateral attack pursuant to 28 U.S.C. § 2255 and has not provided this court with any basis for not enforcing the waiver.

Furthermore, this court concludes Petitioner did not receive ineffective assistance of counsel with regard to negotiation of the waiver. To establish ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation: (1) fell below an objective standard of reasonableness; and (2) prejudiced the Petitioner. Bednarski v. United States, 481 F.3d 530, 535 (7th Cir. 2007), citing Strickland v. Washington, 466 U.S. 668, 688 (1984). Initially, Petitioner has failed to establish that but for his counsel's advice he would not have accepted the plea agreement due to his statements made during the Rule 11 colloquy. Furthermore, Petitioner has not established the prejudice prong of the Strickland standard. As a result of his plea agreement including the waiver of collateral attack, Petitioner received that mandatory minimum sentence of 240 months'

imprisonment rather than receiving a sentence in the advisory guideline range of 262 to 327 months. Accordingly, this claim is without merit. Because this court concludes Petitioner knowingly and voluntarily waived his right to file a § 2255 motion and there is no basis not to enforce this waiver, this court need not address the issue of the timeliness of Petitioner's motion.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Stay (#9) is DENIED.

(2) The Government's Motion to Dismiss (#5) is GRANTED. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed.

(3) This case is terminated.

ENTERED this 19th day of February, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE